Filed 6/30/21  P. v. Wallen CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY ALLEN WALLEN,<br><br>    Defendant and Appellant. | F079988<br><br>(Super. Ct. No. PCF376048)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Michael B. Sheltzer, Judge.

Patrick J. Hoynoski, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Poochigian, Acting P.J., Smith, J. and Meehan, J.

Defendant Anthony Allen Wallen contends on appeal that his two one-year prior prison term enhancements should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). He further contends that the abstract of judgment contained clerical errors that require correction. The People agree on both accounts. We strike the prior prison term enhancements and order the abstract of judgment corrected. As modified, we affirm.

## PROCEDURAL SUMMARY

On February 26, 2019,[2] the Tulare County District Attorney filed an information charging defendant with vehicle theft (Veh. Code, § 10851; count 1), receiving a stolen vehicle (§ 496, subd. (d); count 2), and misdemeanor possession of a controlled substance (Health & Saf. Code, § 11377; count 3). As to counts 1 and 2, the information alleged defendant had suffered a prior vehicle theft conviction (§ 666.5) and had served two prior prison terms (§ 667.5, subd. (b)).

On June 3, a jury found defendant guilty on all three counts. At a bifurcated proceeding on July 17, the trial court found true the prior prison term allegations but not true the prior vehicle theft allegation. Defendant's prior prison terms were served for a 2013 conviction of second degree burglary (§ 459) and 2015 convictions of second degree burglary (§ 459) and receiving stolen property (§ 496, subd. (a)).

On July 17, the trial court sentenced defendant as follows: on count 1, three years (the upper term) in local custody pursuant to section 1170, subdivision (h)(5)(A); on count 2, two years (the middle term) stayed pursuant to section 654. The court also imposed and stayed two prior prison term enhancements.

On September 12, defendant filed a notice of appeal.

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     All further dates refer to the year 2019 unless otherwise stated.

# DISCUSSION[3]

## Senate Bill 136

Defendant argues his prior prison term enhancements must be stricken based on the retroactive application of Senate Bill 136. The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed and stayed two one-year section 667.5, subdivision (b) prior prison term enhancements for terms served for convictions of second degree burglary (§ 459) and receiving stolen property (§ 496, subd. (a)), neither of which is a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). On January 1, 2020, defendant's case was not yet final. Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b). We therefore strike defendant's prior prison term enhancements.

Where an appellate court strikes a portion of a sentence, remand for " 'a full resentencing as to all counts is [generally] appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) However, because the prior prison term enhancements here were

---

**3** Because defendant raises only legal issues the facts underlying the offenses are not relevant and are omitted from this opinion.

stayed, striking them will have no effect on defendant's sentence. For that reason, remand for resentencing is unnecessary.

**Clerical Errors**

Next, the parties agree, as do we, that the abstract of judgment contains two clerical errors. First, the abstract incorrectly reflects that four (rather than two) prior prison term enhancements were imposed. However, because we order both prior prison term enhancements stricken, that claim of error is moot.

Second, defendant correctly notes that the abstract incorrectly reflects the trial court imposed a term of three years on count 2. In its oral pronouncement of sentence, the trial court imposed and stayed a two-year term on count 2.

When a discrepancy exists between a trial court's oral pronouncement of judgment and the minute order, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We may correct a clerical error in recording the judgment at any time. (*Ibid.*; *People v. Torres* (2020) 44 Cal.App.5th 1081, 1085.)

The abstract of judgment must be amended to reflect a stayed two-year term on count 2.

### DISPOSITION

Defendant's prior prison term enhancements (§ 667.5, subd. (b)) are stricken. The trial court is directed to prepare an amended abstract of judgment, reflecting that the prior prison terms have been stricken and reflecting a two-year term, stayed pursuant to section 654, on count 2. The court shall forward a copy of the amended abstract of judgment to the appropriate entities. As so modified, the judgment is affirmed.

4.